IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA ANN REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-5493 |
| | ) | |
| CITIBANK, | ) | Hon. Charles R. Norgle |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Defendant's Motion to Dismiss Count II of the First Amended Complaint [19] is denied. Defendant's Motion to Dismiss Count II of the Complaint [13] is denied as moot.

## STATEMENT

Plaintiff Patricia Ann Reed ("Plaintiff") brings this action against Defendant Citibank ("Defendant") seeking relief for Defendant's alleged repeated wrongful calls to Plaintiff's cellphone. Plaintiff alleges Defendant's conduct violated the Telephone Consumer Protection Act ("TCPA") and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"). Before the Court is Defendant's motion to dismiss Count II of the First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied.

A motion under Rule 12(b)(6) tests the sufficiency of the complaint under the plausibility standard, Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 570 (2007), not the merits of the suit. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). "[A] plaintiff's claim need not be probable, only plausible: 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (quoting Twombly, 550 U.S. at 556). "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." Id at 935. (quoting Twombly, 550 U.S. at 556). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in a plaintiff's complaint, and draws all reasonable inferences in his favor. Burke v. 401 N. Wabash Venture, LLC, 714 F.3d 501, 504 (7th Cir. 2013) (citations omitted). "[T]he complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." EEOC v. Concentra Health Servs., 496 F.3d 773, 776 (7th Cir. 2007).

In June 2017, Plaintiff began receiving calls to her cellular phone from Defendant. Defendant was calling Plaintiff in relation to its debt collection activities. Plaintiff alleges that Defendant is responsible for approximately 559 unsolicited phone calls between June 7, 2017,

and June 30, 2017. Plaintiff does not owe any debt to Defendant and has requested Defendant to stop making the phone calls. At the time of filing Plaintiff's First Amended Complaint, Defendant was still making debt collection phone calls to Plaintiff.

To adequately plead a claim for a violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, as codified at 815 Ill. Comp. Stat. § 505/2 et seq. The Illinois Consumer Fraud Act requires: "(1) the defendant committed a deceptive act or practice; (2) the defendant intended for the plaintiff to rely on the deception; (3) the deception happened in the course of trade or commerce; and (4) the deception proximately caused the plaintiff's injury." Cocroft v. HSBC Bank USA, N.A., 796 F.3d 680, 687 (7th Cir. 2015) (citing Connick v. Suzuki Motor Co., 675 N.E.2d 584, 593 (Ill. App. 1996)). Plaintiff has alleged Defendants called her 559 in a three week period and continues to call her after she requested Defendant to stop the calls. This alleged conduct occurred while Defendant was attempting to collect debt from its clients. Plaintiff further alleges specific damages she incurred in her attempt to stop Defendant's calls. Thus, Plaintiff has alleged sufficient facts to give Defendant fair notice of her claim brought under the ICFA. Twombly, 550 U.S. at 570; Concentra Health Servs., 496 F.3d at 776. Accordingly, Defendant's motion to dismiss Count II of Plaintiff's First Amended Complaint is denied.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: February 2, 2018